## UNITED STATES v. HASHMALL.

### Crim. No. 1752–50.

United States District Court
District of Columbia.
April 19, 1951.

George Morris Fay, U. S. Atty., and Charles B. Murray, Asst. U. S. Atty., Washington, D. C., for the United States.

David Rein, Washington, D. C., for the defendant.

HOLTZOFF, District Judge.

This is an indictment for an offense known as contempt of Congress, consisting of a refusal to answer questions before a committee of the House of Representatives. The refusal was based upon an assertion of the privilege against self-incrimination, namely, that an answer to the questions propounded might tend to incriminate the witness, who is the defendant in this proceeding.

At the outset the Government as a preliminary question presents the point as to whether the right to assert this constitutional privilege, if the facts are in dispute, should be submitted to the determination of a jury.

The court rules that the adjudication of a claim of constitutional rights is a question for the Court alone without a jury. The Court holds that this is true even in a case where the decision of that question requires a determination of preliminary facts. This rule applies not only to the privilege against self-incrimination, but to all claims of constitutional rights.

For example, an assertion that property has been seized in violation of the Fourth Amendment is disposed of by the Court alone, even if the determination of that question depends upon evidence and a decision on issues of fact. The Court often takes evidence on motions to suppress evidence on the ground that it was secured by an unlawful search and seizure.

Any other rule would endanger the safeguards of the Bill of Rights. The purpose of the Bill of Rights is to protect

the individual against violation of certain privileges that the Constitution gives him.

If the extent of a constitutional privilege were to be left to juries in individual cases, it can be readily seen that persons would be subject to the will of the community which the jury represents, and the protection of the Bill of Rights might become valueless. The very purpose of the Bill of Rights is to protect the individual, and to protect a minority if need be. The judges are vested with the power and the duty to determine whether a constitutional privilege has been invaded, and to safeguard the individual against any invasion of a constitutional privilege.

In the light of these considerations the Court holds that the question whether a constitutional privilege was properly asserted is not a question for the jury but a question for the Court alone.